# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Charles Leo McKenney v. City Council of Alexandria.

January 20, 1927.

1. Taxation—*Filling Stations—License Tax.*—A city council can legally classify one who buys or sells motor oil and gasoline, pumped into the tanks of customer's automobiles by means of standards (erected on his own land or on the curb), as operator of a gasoline filling station and tax or license him as such. There is such a distinction between an ordinary merchant and the operator of a gasoline filling station as will permit a separate classification for the purpose of taxation.

2. Licenses—*Merchants Tax—Filling Stations.*—The operator of a filling station cannot be required to pay both a merchant's license and a license for the privilege of operating a filling station.

3. Taxation—*Filling Station—Operator not a Merchant.*—The operator of a gasoline filling station is not a merchant, as that term is generally understood, and cannot, by voluntarily paying a State license as a merchant, prevent the assessment of a specific tax against his business.

4. Taxation—*License—Classification of Business.*—The general rule, so far as classification of business for the purpose of taxation is concerned, is that trades, occupations, professions and privileges may be classified for purposes of license or occupation taxes, and different licenses may be imposed upon the various classes, provided the classification is reasonable. General classes may be subdivided into particular classes and licensed or taxed.

5. Taxation—*Licenses—Operator of Filling Station Distinguished from Ordinary Merchant.*—There is such a wide enough distinction, in this day, between the merchant dealing in the ordinary commodities of trade and the operator of the modern gasoline filling station, as to justify and render unobjectionable from a legal standpoint the classification of the latter as a distinct business. It cannot be said to be an unreasonable classification. It is not a question of whether the operator of the filling station is a merchant, but is he engaged in such a distinct kind of merchandising as will warrant a separate classification for the purpose of imposing an occupational or privilege license?

6. Taxation—*License—Filling Stations—Constitutionality of Ordinance*

*Providing for License for Filling Stations.*—Section 168 of the Constitution of 1902, providing for uniformity in taxation, is not violated by an ordinance imposing a license tax for each gasoline discharge standard upon persons dispensing gasoline, whether the standards are on the curb or on the private property of the operator of the filling station.

7. Taxation—*License—Classification—Reasonableness—Uniformity.*—The discrimination between classes for license taxes, in order to avoid the pitfalls of unconstitutionality, must rest upon some reasonable ground of difference which has some relation to the business or occupation. The tax must bear equally and uniformly upon all persons engaged in the same class of business.

8. Taxation—*License—Filling Stations—Tax on Gasoline Discharge Standards.*—An annual license tax upon each gasoline discharge standard operated by a person dispensing gasoline is not a tax upon the implements used in the conduct of a mercantile business, but it is a tax upon a business. Nor is it taxing a part of a business, after having taxed the whole, or dividing a single taxable privilege and requiring a separate license for each. Nor does the fact that the ordinance includes all gasoline filling stations, whether located on the street or on private property, render it unconstitutional. The tax imposed is an occupation tax and if it includes all persons engaged in the business it is not objectionable even if it does not take into consideration the volume of business or the location.

Error to a judgment of the Corporation Court of Alexandria.

*Affirmed.*

The opinion states the case.

*Moncure, Davis & Budwesky,* for the plaintiff in error.

*Albert V. Bryan,* for the defendant in error.

Chichester, J., delivered the opinion of the court.

The plaintiff in error, defendant below, is here complaining of a judgment of the Corporation Court of the city of Alexandria convicting him of violating section 36 of ordinance No. 31 of the city of Alex-

andria, and imposing upon him a fine of $5.00 and costs.

Defendant was tried by the court upon the following agreed statement of facts: "The defendant, Charles Leo McKenney, operates in the city of Alexandria, Virginia, a gasoline filling station, and as a means of dispensing gasoline to the public he maintains five upright cylindrical discharge standards, known as sentinels, about eight feet in height, eighteen inches in diameter and colored red. These standards are not on the street curb, but are situated on the defendant's property on the side of an open driveway leading to and from the street in a semielliptical shape.

"The plaintiff is a municipal corporation duly chartered under the laws of the Commonwealth of Virginia under the style of city council of Alexandria; that as such it has the general power to levy taxes and licenses and to collect the same; that by ordinance (No. 31, approved March 6, 1924) duly passed, a license tax of twenty-five dollars and fifty cents ($25.50) was levied by section 36 thereof upon each gasoline discharge standard in the city of Alexandria for the fiscal year beginning June 1, 1924, and ending May 31, 1925; that the said ordinance is incorporated herein by reference, and permission given to each of the parties hereto to refer to and produce the same at any stage of this litigation; that the said license tax was duly assessed and charged upon the five gasoline standards of the said defendant; that the defendant refused to pay the same and continued to operate said discharge standards; that the defendant was arrested on a city warrant, tried and convicted by the civil and police justice of the said city of violating said ordinance, and on appeal to the corporation court thereof the said conviction was sustained and a fine of five dollars

($5.00) and costs imposed; and the said arrest and conviction were valid under the said ordinance and warrant if that provision of the ordinance levying said license tax is valid.

"The defendant had been assessed with and had paid to the plaintiff under the said ordinance (section 54) a merchant's license of thirty-three dollars and thirty-five cents ($33.35) computed on gross amount of his purchases."

The refusal of the court to set the judgment aside as contrary to the law and the evidence, upon motion of the defendant, is assigned as error.

The section of the ordinance under which the defendant was convicted is as follows: "Any person, firm or corporation, dispensing gasoline by means of curb pumps, curb discharges, or stations, whether in the streets or on private property, shall pay an annual license tax of $25.50 for each discharge standard. regardless of whether one or more discharge standards. are supplied by the same pump."

There are two contentions made by defendant. below by which he seeks to avoid the consequences of the penalty imposed upon him. One is that the city council having provided by section 54 of ordinance 31 for the assessment of a merchant's license tax, and. defendant having applied for, and having had issued to him, a merchant's license tax, although he sold only gasoline (and delivered it through standards) and motor oil, he could not be legally assessed under section 36 (*supra*) for operating a gasoline filling station. This contention is based upon the idea that the stand-- ards being on defendant's private property and not. on the street or curb, and hence adding nothing to the public burden, the tax under section 36 is in effect a tax upon the means of delivery or the implements.

used in the delivery of merchandise by a merchant to his customer.

The second contention is that section 36 of ordinance 31 (*supra*) is invalid because it is in violation of section 168, of the Constitution of Virginia, which, among other things, provides: "* * * all taxes, whether State, local or municipal, shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, * * *"

[1] 1. The question under this contention is whether the defendant is a merchant within the meaning of section 54 of ordinance 31 (see margin 1) or whether the city council can legally classify one who buys and sells motor oils and gasoline pumped into the tanks of customer's automobiles by means of standards (erected on his own land or on the curb) as the owner or operator of a gasoline filling station and tax or license him as such, as the city council of Alexandria has sought to do under section 36.

It is not contended that the city council does not possess the right to impose a license tax upon the various businesses conducted within the city limits. Ample authority to this end is conferred by the city charter, sections 14, 16, 17 and 18, which are referred to here but not copied. Section 18 specifically confers the right to impose an occupational or privilege tax for the purpose of raising revenue for city purposes.

---

¹Section 54. Merchants. (1) Every person, firm or corporation engaged in the business of merchants, shall pay a license tax for privilege of doing business in the city of Alexandria, to be graduated by the amount of purchases made during the preceding period of twelve months from the first of April to the 31st of March, inclusive, and all goods, wares and merchandise manufactured by such merchants and sold or offered for sale in the city as merchandise, shall be considered as purchases within the meaning of this section; provided, that this section shall not be construed to apply on manufacturers taxed on capital by the city who offer for sale at the place of manufacture goods, wares and merchandise manufactured by them. The license tax provided in this schedule shall be calculated on the amount of purchases reported by merchants to the commissioner of revenue for State license. All other property of such merchant, not offered for sale as merchandise, shall be separately listed and taxed as other property.

The question is whether there is such a distinction between a merchant and the operator of a gasoline filling station as will permit a separate classification for the purpose of taxation.

[2, 3] We have no doubt but that there is. The defendant under the agreed facts could not be required to pay both a merchant's license and a license for the privilege of operating a filling station but the agreed facts classify him as an operator of a filling station under section 36 of ordinance 51, and he should pay the license tax attaching to that business, after which he should, of course, have refunded to him the amount of tax he has paid as a merchant. As was said by Cardwell, J., in *Standard Oil Co.* v. *Fredericksburg,* 105 Va. 82: "The plaintiff is not a merchant, as that term is generally understood, and cannot, by voluntarily paying a State license as a merchant, prevent the assessment of a specific tax against its business."

[4] The general rule, so far as classification of business for the purpose of taxation is concerned, is that trades, occupations, professions and privileges may be classified for purposes of license or occupation taxes, and different licenses may be imposed upon the various classes, provided the classification is reasonable. 37 C. J. page 198, section 52, and cases cited, Note 24 including a number of Virginia cases. General classes may be subdivided into particular classes and licensed or taxed. *Idem.*

In *Mefford* v. *Sheffield,* 148 Ala. 539, 41 So. 970, this appears from the syllabus: "A city charter gave the council authority to levy a license tax on all persons carrying on any business, and an ordinance imposed a tax of $200 on wholesale dealers in kerosene oil and a tax of $10.00 on all dealers in goods, wares and merchandise, and it was provided that parties engaged in

two or more businesses under the same roof should take out the license for the business requiring the greater license, and not be required to secure any other license. *Held*: That the provision as to wholesale dealers in kerosene oil was not unconstitutional as discriminative merely because kerosene oil was sold by wholesale and retail grocery merchants and druggists as a part of their regular stock in trade, the oil not being an article necessarily belonging to the carrying on of such occupations."

In its opinion the court said: "The crux of this argument is that the ordinance divided one privilege into two and discriminates between vendors of articles necessarily belonging to the one privilege by requiring a separate license to sell that special article * * *. While it must be conceded that the agreed statement shows that kerosene oil is a useful commodity in general use, and is kept and sold by wholesale and retail grocery merchants and druggists, we think it cannot be affirmed that it is an article which necessarily belongs to the privilege of wholesaling groceries or drugs, nor does the agreed statement show that it is such."

This is very persuasive authority upon the issue here.

[5] There is surely a wide enough distinction, in this day, between the merchant dealing in the ordinary commodities of trade and the operator of the modern gasoline filling station, to justify and render unobjectionable, from a legal standpoint, the classification of the latter as a distinct business. It cannot be said to be an unreasonable classification. It is not a question of whether the defendant is a merchant, but is he engaged in such a distinct kind of merchandising as will warrant a separate classification for the purpose

of imposing an occupational or privilege license? We think undoubtedly he is. See 37 C. J. page 224, section 78.

[6] 2. We do not think that section 168 of the Constitution, heretofore quoted, is violated by the ordinance (section 36 of ordinance 31) upon either theory advanced by the defendant.

Once having determined that the operation of a "gasoline filling station" is a business fairly and reasonably classifiable for taxation as a business or occupation distinct from that of ordinary merchandising, all serious question as to the constitutionality of section 36 is eliminated.

[7] The discrimination between classes, in order to avoid the pitfalls of unconstitutionality, must rest upon some reasonable ground of difference which has some relation to the business or occupation. The tax must bear equally and uniformly upon all persons engaged in the same class of business.

We have already seen that the operation of a gasoline filling station is a business, taxable in itself, and there is nothing in the ordinance which discriminates as between persons engaged in this business. *All persons* operating a gasoline filling station, wherever located within the city limits, are subject to the tax.

[8] It is not, therefore, as is contended, a tax upon the implements used in the conduct of a mercantile business, but it is a tax upon a business. Nor is it taxing a part of a business, after having taxed the whole, or dividing a single taxable privilege and requiring a separate license for each, as is obvious from what has been heretofore said. Nor does the fact that the ordinance includes all gasoline filling stations, whether located on the street or on private property, render it unconstitutional. The tax imposed

is an occupation tax and if it includes all persons engaged in the business it is not objectionable even if it does not take into consideration the volume of business or the location. *Gordon* v. *Louisville,* 138 Ky. 442, 128 S. W. 327.

Upon the whole we see no discrimination in the ordinance which would justify this court in declaring it unconstitutional.

The judgment of the trial court should therefore be affirmed.

*Affirmed.*