# Richmond.

## COMMONWEALTH OF VIRGINIA v. BIBEE GROCERY COMPANY, INC.

### January 16, 1930.

The opinion states the case.

*W. W. Martin* and *Henry R. Miller, Jr.*, for the Commonwealth.

*F. P. Christian, Jr.*, and *Fred Harper*, for the defendant in error.

*Cocke, Hazlegrove & Shackelford* and *Woods, Chitwood, Coxe & Rogers*, amicus curiae.

CAMPBELL, J., delivered the opinion of the court.

·This is a writ of error to a judgment of the Corporation Court of the city of Lynchburg, which holds the last paragraph of section 188 of the Tax Code (Code Supp. 1928, page 317) to be unconstitutional.

Section 188 of the Tax Code provides generally for the imposition upon retail merchants of a license tax based upon purchases. In addition thereto, section 188 imposes upon retail merchants a license tax for the operation of a distributing house for the purpose of distributing goods, wares and merchandise. This provision of the Tax Code reads as follows:

"For every distributing house or place in this State (other than the house or place of manufacture) operated by any person, firm or corporation engaged in the business of a merchant in this State, for the purpose of distributing goods, wares and merchandise among his or its retail stores, a separate merchant's license shall be required, and the goods, wares and merchandise distributed through such distributing house or place shall be regarded as purchases for the purpose of measuring the license tax."

Defendant in error, a Virginia corporation doing business as a merchant, operates seven retail grocery stores in Lynchburg and vicinity. During the year

1928, defendant leased a warehouse situated in the city, from which warehouse the defendant distributed goods purchased by it for sale in its retail stores among such stores. No goods are sold directly from the warehouse, this place of business being maintained solely as a distributing point. Each store is charged with the goods distributed to it from the warehouse. The defendant paid all license taxes assessed on account of the operation of its several retail stores, but refused to apply for a license for the operation of its distributing house, and to pay the tax prescribed by the last paragraph of section 188, *supra*.

Upon complaint of the commissioner of the revenue this prosecution was instituted. Upon an agreed statement of facts, and by consent, a jury trial was waived and all matters of law and fact were submitted to the court. The court being of opinion that the last paragraph of the section involved is repugnant to the provisions of the State and Federal Constitutions, found the defendant not guilty.

■ While this is a criminal proceeding in which the defendant in error was adjudged not guilty, yet, inasmuch as the defendant was charged with the violation of a statute relating to the State revenue, a writ of error may be awarded upon petition of the Commonwealth, Code, section 4931.

■ No question of double taxation is involved in this appeal as it is well settled in this State that the provisions of section 168 of the Constitution, requiring equality and uniformity of taxation, apply only to a direct tax on property, and not to license taxes which do not always rest upon a basis of uniformity. *Bradley* v. *Richmond*, 110 Va. 521, 66 S. E. 872, 874; *Pocahontas Consolidated Collieries Co. Inc.* v. *Commonwealth*, 113 Va. 108, 73 S. E. 446.

There being no disputed facts, the legal question involved is whether or not the classification for the purpose of assessing a license tax, contained in the last clause of section 188 of the Tax Code, is a reasonable classification within the purview of the State and Federal Constitutions.

The general rule is that the legality of a license tax imposed on a certain trade or business, and graded according to the difference in methods employed, depends upon whether or not the sub-classifications are reasonable or unjustly discriminatory. *Quong Wing* v. *Kirkendall*, 223 U. S. 59, 32 S. Ct. 192, 56 L. Ed. 350. See 43 A. L. R. 593.

In *Oliver Iron Mining Co.* v. *Lord*, 262 U. S. 172, 43 S. Ct. 526, 529, 67 L. Ed. 929, it is said:

"The legislature of the State may exercise a wide discretion in selecting the subjects of taxation, particularly as respects occupation taxes. It may select those who are engaged in one class of business and exclude others, if all similarly situated are brought within the class and all members of the class are dealt with according to uniform rules."

In *McKenney* v. *City Council of Alexandria*, 147 Va. 157, 136 S. E. 588, 590, Judge Chichester, dealing with classifications for the purpose of license taxation, said:

"The general rule, so far as classification of business for the purpose of taxation is concerned, is that trades, occupations, professions and privileges may be classified for purposes of license or occupation taxes, and different licenses may be imposed upon the various classes, provided the classification is reasonable. 37 C. J., page 198, section 52, and cases cited. Note 24, including a number of Virginia cases. General classes may be subdivided into particular classes and licensed or taxed.

"The discrimination between classes, in order to avoid the pitfalls of unconstitutionality, must rest upon some reasonable ground of difference which has some relation to the business or occupation. The tax must bear equally and uniformly upon all persons engaged in the same class of business."

It is the contention of defendant that the classification is unreasonable, for the reason that a special class of merchants is created and the effect of the statute is to impose an additional tax on an instrumentality of the business. With this contention we are unable to concur. It was competent for the legislature to place merchants operating a distributing house in a different classification from those merely conducting retail stores. There is nothing in the record to show that the maintenance of a distributing house is a necessary incident to the business of operating several retail stores. It is unquestionably true that the maintenance and operation of a large distributing house in addition to oprating seven retail stores imposes upon the Commonwealth and the cities thereof a greater burden in fulfilling their obligations of protecting property rights, maintaining streets and highways, as well as furnishing sewer and other sanitary conveniences.

In *Standard Oil Company* v. *Fredericksburg*, 105 Va. 82, 52 S. E. 817, this court held that an ordinance which imposed one rate of taxation on those who sell oil from tank wagons or barrels transported through the streets, and another and lower rate on those who sell in a different way, is valid, for the reason that the difference in the manner of distribution is a reasonable classification, as one imposed a greater burden on the streets and is more hazardous than the other.

Furthermore, the tax complained of is a revenue

measure and every person, firm or corporation operating a distributing house must, under the provisions of the statute, take out a license. No arbitrary classification is contained in the statute. All merchants operating a "distributing house or place * * * for the purpose of distributing goods, wares and merchandise among his or its retail stores" are included in the classification. The tax here required is for operating a distributing house or place in connection with retail stores as contradistinguished from a tax upon the business of one engaged in the operation of a retail store. In other words, the distributing house or place is the subject of the tax, and the language dealing with the manner of distribution merely descriptive.

In *Bradley* v. *Richmond, supra,* the city of Richmond levied a license tax against private bankers by which some private bankers were put into a class which subjected them to less taxation than others. The class discriminated against alleged that the classification was illegal. Judge Harrison, speaking for the court, said:

"It was competent for the council to assign private bankers to different classes, and the plaintiff in error was required to pay no greater license tax than all others in the same class with himself. In order to render the classification illegal, the party assailing it must show that the business discriminated against is precisely the same as that included in the class which is alleged to be favored. This has not been shown in the present case. On the contrary, it appears that the business of the plaintiff in error is not precisely the same with that of other private bankers who are put in a different class and assessed with a less license tax."

The tax was upheld and this case went to the Supreme Court of the United States (227 U. S. 477, 33

S. Ct. 318, 320, 57 L. Ed. 603), where it was said in affirming the decision of the State court:

"That some private bankers were put into classes which subjected them to less taxation than the class into which the plaintiff in error was placed is the only allegation which would tend to show discrimination. But there was evidence tending to show that the business done by the plaintiff in error and ten other persons or firms was that of lending money at high rates upon salaries and household furniture, while the kind of business done by the others in the same general business was the lending of money upon commercial securities. Obviously the burden was upon the plaintiff in error to show an illegal and capricious classification. The State court said that he had failed to show that these private bankers favored in the classification were doing the same business."

We are of opinion that the provision of the Tax Code called in question is constitutional; that the judgment of the trial court should be reversed; and that the case be remanded for a new trial to be had in conformity with the views herein expressed.

*Reversed.*