### Richmond

WILLIAM L. SHEPHEARD, SR., WHO SUES IN BEHALF OF HIMSELF AND ALL OTHER CITIZENS OF THE CITY OF NORFOLK SIMILARLY SITUATED v. W. R. MOORE, COMMISSIONER OF REVENUE OF THE CITY OF NORFOLK, AND ALEX H. BELL, TREASURER OF THE CITY OF NORFOLK.

November 28, 1966.

Record No. 6242.

Present, All the Justices.

*Henry E. Howell* and *Leonard B. Sachs* (*Howell, Anninos & Daugherty*; *Kanter, Kanter and Sachs*, on brief), for the appellant.

*Richard N. Harris, Assistant Attorney General* (*Robert Y. Button*,

*Attorney General, Alfred W. Whitehurst, Attorney for the Commonwealth,* on brief), for the appellees.

EGGLESTON, C. J., delivered the opinion of the court.

This is a suit by a resident and taxpayer of the city of Norfolk against the Commissioner of Revenue and the Treasurer of that city to have declared unconstitutional the state capitation tax of $1.50 which § 173 of our Constitution directs the General Assembly to levy on every resident of the State twenty-one years of age and over, except those pensioned by the State for military services. Pursuant to this provision the General Assembly has provided for the annual levy of this tax, the application of $1.00 thereof in aid of the public free schools, and the payment of the residue into the treasury of the county or city in which it was collected. Code, § 58-49 [Repl. Vol. 1959]. The tax is assessable as of January 1 of each year and payable on or before the fifth day of each December. Code, §§ 58-4, 58-963.

The bill of complaint as originally filed on June 16, 1965, sought to enjoin the assessment and collection of the capitation tax on two grounds: (1) that § 173 of the Constitution, which directs that the tax be levied, and § 22, which prohibits its collection by legal process until it has become three years past due, violate the fourteenth amendment to the Constitution of the United States "by placing an unequal and non-uniform portion of the cost of state government upon all those who wish to exercise their inalienable right to vote in state and local elections;" and (2) that the tax is void as a revenue measure in that it is in conflict with §§ 11 and 168 of the Constitution of Virginia and the Fourteenth Amendment.

The case was tried in the lower court on July 30, 1965, and a decree was entered denying the injunction and dismissing the bill. We granted an appeal from that decree. Pending the hearing of this appeal, on March 24, 1966 the Supreme Court of the United States held that this tax was violative of the equal protection clause of the Fourteenth Amendment and void insofar as payment was a prerequisite for registration and voting. *Harper* v. *Virginia State Board of Elections,* 383 U. S. 663, 86 S. Ct. 1079, 16 L. ed. 2d 169. Hence, in the present appeal we are to determine whether the tax as a revenue measure is unconstitutional.

In his bill the complainant attacks the validity of the tax as a

revenue measure, on the ground that it is a "voluntary tax" in that it is paid only by those who are willing to pay it; that under § 22 of the Constitution the collection of the tax shall not be enforced by legal process until the same has become three years past due;[1] that after that period there is provided by law "no practical means" of collecting this tax, and that, in fact, collection is not enforced by legal process or otherwise.

It is further alleged that this lack of enforcement of the payment of this tax places an "unequal and non-uniform burden of a portion of the cost of local and state government" on those who willingly pay the tax when due, and that this is in violation of the equal protection clause of the Fourteenth Amendment. Moreover, it is alleged that the lack of enforcement of this tax violates the uniformity requirement of § 168 of the Constitution of Virginia.

In support of his allegations the complainant offered the depositions of C. H. Morrissett, State Tax Commissioner, and Alex H. Bell, Treasurer of the city of Norfolk. Morrissett testified that in recent years the assessed and uncollected capitation taxes amounted to approximately $1,000,000 per year. While he said that after the lapse of three years, required by § 22 of the Constitution, *supra*, these taxes were collectible under Code, § 58-44,[2] the cost of collection would greatly exceed the amount to be derived from the effort, and that therefore such collection is "impracticable" and not enforced. He further testified that while the levy of the tax, being required by law, is not voluntary, payment thereof is voluntary in the sense that the General Assembly has provided no machinery to enforce its collection.

Bell testified that from 1960 to 1964, both inclusive, there was an annual assessment of approximately $180,000 in capitation taxes levied on the residents of the city of Norfolk, of which approximately $100,000 per year were delinquent. He said that his office made no effort to collect such taxes beyond rendering the taxpayer a bill therefor, leaving the payment to those who paid voluntarily or as a prerequisite to voting. Because of the expense involved, the city makes no effort to collect delinquent capitation taxes.

(1) The pertinent portion of this section provides: "The collection of the State poll tax assessed against anyone shall not be enforced by legal process until the same has become three years past due."

(2) This section provides: "Action may be brought at any time by the Department, in the name of the Commonwealth, to recover the amount of any taxes, penalties and interest due, * * * ."

■ The main thrust of the complainant's argument is that because the State has provided no means of enforcing the payment of this tax and that collection is not in fact enforced, the tax violates both the Federal and State Constitutions.

First, it is argued that the lack of enforcement places an unequal burden of a portion of the cost of the State and local governments on those who willingly pay the tax when due, and that this is in violation of the equal protection clause of the Fourteenth Amendment. We do not agree with this contention. It is well settled that the equal protection clause "applies only to taxation which in fact bears unequally on persons or property of the same class." *Charleston Federal Savings & Loan Ass'n* v. *Alderson*, 324 U. S. 182, 190, 65 S. Ct. 624, 629, 89 L. ed. 857. Consequently, any system of taxation which rests ratably upon all citizens of a specified class meets the requirements of that constitutional provision. *Washington County Nat. Bank* v. *Washington County*, 176 Va. 216, 218, 10 S. E. 2d 515, 516.

In the present case the burden of the capitation tax rests equally upon all taxpayers subject thereto. Section 173 of the Constitution directs the levy on every resident of the State not less than twenty-one years of age, except those pensioned by the State for military services, and that direction has been implemented by Code, § 58-49. According to the evidence offered by the complainant, all of those who desire to pay the tax may do so and those who are unwilling may refrain from payment. No taxpayer is required to pay against his wishes. Thus, all taxpayers in that class are treated alike. It is clear, then, that the lack of enforcement of the tax does not violate the equal protection clause of the Fourteenth Amendment.

■ Next, it is said that the tax is void because it is a "voluntary tax." A valid tax, it is argued, is not founded upon contractual assent. *Westbrook, Inc.* v. *Town of Falls Church*, 185 Va. 577, 582, 39 S. E. 2d 277, 280, 167 A. L. R. 1027. But the assessment or levy of this tax is not voluntary or founded upon the consent of the taxpayer. It is required by specific laws and applies to everyone in the class therein specified. It is collectible should the General Assembly provide the necessary machinery therefor. But the fact that it may not have done so and that the tax is not collected does not destroy the validity of the assessment or levy. The tax when due is a debt due by the taxpayer to the State, city or county wherein it is levied.

■ It is next argued that the lack of enforcement of the tax

violates § 168 of the Constitution of Virginia. The pertinent portion of this section provides: "All property, except as hereinafter provided, shall be taxed; all taxes, whether State, local or municipal, shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws. * * * "

.There are ready answers to this contention. In the first place, we have many times said that this constitutional provision requiring equality and uniformity of taxation applies only to a direct tax on property. *Bradley & Co.* v. *City of Richmond*, 110 Va. 521, 525, 66 S. E. 872, 874, affirmed 227 U. S. 477, 33 S. Ct. 318, 57 L. ed. 603; *Commonwealth* v. *Bibee Grocery Co.*, 153 Va. 935, 938, 151 S. E. 293; *Hunton* v. *Commonwealth*, 166 Va. 229, 244, 183 S. E. 873, 879; *Commonwealth* v. *Whiting Oil Co.*, 167 Va. 73, 77, 187 S. E. 498, 500; *Langston* v. *City of Danville*, 189 Va. 603, 608, 609, 54 S. E. 2d 101, 104, 105; *Town of Ashland* v. *Board of Supervisors*, 202 Va. 409, 413, 117 S. E. 2d 679, 682.

The capitation tax with which we are here concerned is not of that nature. It is not a tax on property, but is assessed against every person of a certain class without regard to his property. 85 C. J. S., Taxation, § 1068 a., p. 665.

In the next place, it is well settled that unless otherwise specifically provided, such provisions requiring uniformity of taxation apply only to the *assessment* and not to the *collection* of taxes. 84 C. J. S. Taxation, § 32, pp. 107, 108, and cases there collected; *Tappan* v. *Merchants' Nat. Bank*, 19 Wall. (86 U. S.) 490, 22 L. ed. 189; *Edinburg Improvement Ass'n* v. *City of Edinburg*, Tex. Civ. App., 191 S. W. 2d 752, 754; *Mississippi State Tax Commission* v. *Flora Drug Co.*, 167 Miss. 1, 148 So. 373, 378; *Hammett* v. *Kansas City*, 351 Mo. 192, 173 S. W. 2d 70, 73; *Robinson* v. *Stewart*, 216 Or. 532, 339 P. 2d 432, 434.

There is no claim of lack of uniformity in the assessment of the tax involved. As has been said, such assessment applies equally to everyone in the class of persons specified in the constitutional and statutory provisions.

We are of opinion that the capitation tax is valid as a revenue measure and that the lower court properly denied the prayer of the bill that its assessment and collection be enjoined.

The decree appealed from is

*Affirmed.*