# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

CONSUMERS' BREWING CO. v. CITY OF NORFOLK.

January 29, 1903.

Absent, Cardwell, J.

1. CRIMINAL LAW—*Allegation and Proof.*—Under a warrant charging one with carrying on the business of a *manufacturer* of malt liquors within a city, without license, the defendant cannot be convicted of *selling* malt liquors within the city which were manufactured by him out of the city. The business of manufacturing is essentially different from that of selling. The allegation and proof must correspond in both civil and criminal cases.

Error to a judgment of the Circuit Court of the city of Norfolk rendered November 20, 1901, affirming a judgment of the Police Justice of said city, imposing a fine of $20 on the plaintiff in error for a violation of a city ordinance.

*Reversed.*

The opinion states the case.

*G. M. Dillard,* for the plaintiff in error.

*Walter H. Taylor,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of the city of Norfolk, affirming a judgment of a police justice of that city imposing a fine of $20 and costs upon plaintiff in error,

The Consumers' Brewing Company, for an alleged violation of a city ordinance. The charge in the warrant is that plaintiff in error "did   .   .   .   in the said city carry on the business of a manufacturer of malt liquors without paying the license therefor, contrary to an ordinance of said city." An appeal was taken from the judgment of conviction of the Police Justice to the Circuit Court, and the case was there heard on the following agreed statement of facts:

"The company was chartered under the laws of Virginia, in 1897. It manufactures malt liquors at its brewery, in Norfolk county, beyond the city limits, and nowhere else. It pays the State license tax of $50.00 in Norfolk county, and pays State and county taxes, in said county, on all of its real and personal property. It has never paid a dividend to its share-holders. It sells the beer which it manufactures to regular customers in the city of Norfolk, on orders sent to the brewery, and it also has its wagons call daily on its customers, in said city, and deliver to them, without previous orders, such quantities of beer, in excess of five gallons, as they may require. The ordinance of the city of Norfolk under which the city license tax is sought to be imposed is as follows, to-wit:   Sec. 135. 'Manufacturers or wholesale dealers in malt liquors only to include the privilege of selling by bottles or jugs, in quantities of not less than one dozen, each person or firm, 50'—the words 'manufacturers or' having been added to the ordinance as it stood prior to April, 1901."

It will be observed that the warrant charges plaintiff in error with carrying on the business of a manufacturer of malt liquors in the city of Norfolk—whereas the facts agreed show that the company manufactured beer at its brewery beyond the city limits in the county of Norfolk, and sold a part of its product to customers in the city. In other words, under a warrant for *manufacturing beer* within the city limits, without a license, the

company has been convicted of *selling beer* within the city limits
without a license.

"A manufacturer is one who is engaged in the business of
working raw materials into wares suitable for use." *People* v.
*N. Y. Floating Dry-Dock Company*, 63 How. Prac. 453.

A seller, on the other hand, is one who disposes of a thing
in consideration of money. 2 Bouv. L. D. 978.

The business of manufacturing an article is, therefore, es-
sentially different from that of selling the article after it has
been manufactured. And the fact that the article is manufac-
tured for sale cannot have the effect of obliterating the line of
demarkation between the two businesses.

It is a general rule of pleading and evidence, that the allega-
tions and proofs must correspond. And a reasonable observ-
ance of that rule is indispensable to the due and safe adminis-
tration of justice.

Even in civil proceedings there could be no hardship in en-
forcing the rule against a plaintiff, for he knows the nature of
the wrong for which he seeks a remedy, and should state his de-
mand with sufficient clearness and precision to advise his ad-
versary of its character.

On the other hand, a substantial departure from the rule
would place the defendant at the disadvantage of preparing
himself to meet one state of facts, and of finding himself con-
fronted at the trial by a different state of facts.

In the present case, where greater stringency is required in
the application of the rule than in civil cases, the variance be-
tween the offence charged and that proved is too material to
warrant this court in upholding the judgment complained of.

It follows from these views that the judgment of the Cir-
cuit Court is erroneous, and it must be reversed and annulled;
and this court will render a judgment in conformity with this
opinion.

*Reversed.*