## Richmond

JAMES B. CAFFEE, ET AL., T/A, ETC. v. CITY OF PORTSMOUTH.

December 3, 1962.

Record No. 5508.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, I'Anson and Carrico, JJ.

*Harold B. Tiffany* (*Tiffany & Tiffany*, on brief), for the plaintiffs in error.

*J. S. Livesay, Jr., City Attorney*, for the defendant in error.

CARRICO, J., delivered the opinion of the court.

This proceeding was commenced by the filing of an application by James B. Caffee and James L. Caffee, trading as Caffee's Bakery, hereinafter called the bakery, to recover from the city of Portsmouth an allegedly erroneous assessment of license taxes for the years 1960 and 1961, in the total amount of $835.20. The bakery was granted a writ of error to a final order denying the relief prayed for and dismissing the application.

The disputed tax was collected from the bakery under the provisions of §86 of the License Tax Ordinance of the city. This section imposes an annual retail merchant's license tax upon every person "conducting, operating or engaging in" any of 64 listed trades or occupations, including bakeries. The amount of the tax for each fiscal year is based upon the gross receipts of the business for the previous calendar year.

The evidence, heard by the trial judge, is not in conflict. It shows that the Caffees have been engaged in operating a bakery in Portsmouth for a number of years. The actual baking of bread, cakes, pies and other products is performed in the rear of the building while a showroom is maintained in the front for the sale of the bakery products. Most of the sales are at retail in the showroom, or through telephone orders received therein. A small portion of the sales is to the "institutional trade."

All of the products sold by the bakery are prepared from raw ingredients purchased by it; nothing is purchased for re-sale in its original form.

The state tax authorities have classified the bakery as a manufacturer and assessed a state tax on the capital of the business, under the provisions of §58-410, Code of Virginia, 1950.

The bakery attacks the validity of the assessment against it on three grounds:

1. That the classification and taxation by the state of the bakery as a manufacturer is binding upon the city to such extent that the latter cannot classify and tax it as a retail merchant.

2. That it is, in fact, a manufacturer and not a retail merchant and, therefore, does not come under the classification of a retail merchant in the city's ordinance.

3. That, even if it is engaged in selling at retail, it is exempt from the requirement of the city's license under the state law.

These contentions of the bakery will be discussed in the order listed.

■ The designation by the state of the bakery as a manufacturer is merely an administrative determination. Although it is entitled to respect, such a ruling does not bind the city in its tax assessments, or control the decision of the court upon a disputed assessment. *Prentice* v. *City of Richmond*, 197 Va. 724, 730, 90 S. E. 2d 839; *Great A. & P. T. Co.* v. *Richmond*, 183 Va. 931, 949, 950, 33 S. E. 2d 795.

■ We next turn to the bakery's contention that it is solely a manufacturer and not a retail merchant.

There can be no dispute over the fact that the work being done by the bakery in the rear of its building is manufacturing. That work meets every test of the definition of the term. But neither can there be any dispute about the proposition that the function being performed in the showroom is retail merchandising. That function meets every test of the definition of that term.

In *Consumers' Brewing Co.* v. *Norfolk*, 101 Va. 171, 173, 43 S. E. 336, it is said:

" 'A manufacturer is one who is engaged in the business of working raw materials into wares suitable for use.' *People* v. *N. Y. Floating Dry-Dock Company*, 63 How. Prac. 453.

"A seller, on the other hand, is one who disposes of a thing in consideration of money. 2 Bouv. L. D. 978.

"The business of manufacturing an article is, therefore, essentially different from that of selling the article after it has been manufactured. And the fact that the article is manufactured for sale cannot have the effect of obliterating the line of demarkation between the two businesses."

The bakery urges us to adopt as the definition of a retail merchant, "one who purchases products already manufactured and then re-sells them for profit," and thus to classify exclusively as a manufacturer one who produces and sells his own products.

But this position overlooks the fact that the bakery is engaged in two separate trades or occupations, the one of which, manufacturing, may be performed completely independent of, and without relation to the other—retail merchandising. And the source, be it from manu-

facture or purchase, of the articles that are sold does not alter the true nature of the retail function.

The bakery is, therefore, in fact, "conducting, operating or engaging in" the business of a retail merchant as set forth in the city's ordinance. The classification of the bakery as such, by the city, must, upon the evidence, be held to be proper.

The crucial issue before us is presented by the bakery's contention that even if it is, in fact, engaged in retail merchandising it is, nonetheless, exempt from the city's retail merchant's license tax under state law. This contention requires an examination of the statutes relating to the taxation of manufacturers and merchants.

We find in Code, §§ 58-410 and 58-418, provision for a tax on the capital of a trade or business. It is under these sections that the state taxes the bakery as a manufacturer.

In Code, §§ 58-304 to 58-319, provision is made for a license tax for the privilege of engaging in the business of a wholesale merchant. Section 58-316 provides a significant exemption for certain manufacturers:

"A manufacturer engaged in business in this State may, without a wholesale merchant's license, sell at the place of manufacture the goods, wares and merchandise manufactured by him. If a manufacturer desires to sell, at a definite place or store, other than the place of manufacture, to other persons for resale or to institutional, commercial, or industrial users, the goods, wares and merchandise manufactured by him, then such manufacturer must take out a wholesale merchant's license, though this definite place or store be located in the same county, city or town in which the place of manufacture is established.

"A manufacturer taxable on capital by the State may, except as in this section provided, sell and deliver at the same time to licensed dealers or retailers, but not to consumers, anywhere in the State, the goods, wares and merchandise manufactured by him at a plant the capital of which is taxable by the State, without the payment of any license tax of any kind for such privilege to the State or to any city, town or county."

In Code, §§ 58-320 to 58-339, provision is made for a license tax for the privilege of engaging in the business of a retail merchant. Section 58-333, upon which the bakery relies for its exemption, reads as follows:

"A manufacturer engaged in business in this State may, without a retail merchant's license, sell at the place of manufacture the goods,

wares and merchandise manufactured by him. If a manufacturer desires to sell, at a definite place or store, other than the place of manufacture, at retail only and not for resale, the goods, wares and merchandise manufactured by him, then such manufacturer must take out a retail merchant's license, though this definite place or store be located in the same county, city or town in which his place of manufacture is established."

These statutes show that the legislature has not classified the business of production and disposition of goods by a manufacturer into a single, separate subject of taxation. If this were so, the city would be powerless to impose the tax in dispute before us. *Hill* v. *City of Richmond*, 181 Va. 744, 754, 755, 26 S. E. 2d 48. *Norfolk* v. *Griffin*, 120 Va. 524, 535, 91 S. E. 640.

To the contrary, the statutes display a plan and design of the legislature to recognize three separate businesses in the production and disposition of products by a manufacturer, (1), manufacturing, (2), wholesale merchandising and (3), retail merchandising. They also disclose a legislative intent to provide for taxation, under certain circumstances, upon each business.

In the first of the businesses, manufacturing, the legislature has not prohibited the levy of a local license tax upon such privilege. In fact, the bakery concedes that the city might properly impose such a tax, and we so held in *Home Brewing Co.* v. *Richmond*, 181 Va. 793, 27 S. E. 2d. 188.

In the second of the businesses, wholesale merchandising, the legislature has provided a clear exemption from local taxation, where sales are made under the terms of the exemptions of § 58-316.

In the last of the businesses, retail merchandising, there is no prohibition against the levy of a local license tax.

Since the prohibition set forth in § 58-316 is so clear and since the lack of any such limitation in § 58-333 is so apparent, we must conclude that the legislature, in the latter statute, intended only to bar the imposition of a *state* retail merchant's license tax, and not such a local assessment.

The bakery finally contends that it is exempt from the city license tax because of the provisions of Code, §§ 58-346 and 58-354. The lack of merit in this contention becomes apparent upon an examination of these sections.

Section 58-346 imposes a state license tax upon one who *peddles* to *licensed dealers or retailers*, and § 58-354 permits a municipal license tax upon the same activity. Each section contains an exemption there-

from of a manufacturer taxable on capital by the state who peddles the goods, wares or merchandise which have been manufactured by him at a plant, the capital of which is taxable by the state, and who peddles no other goods, wares and merchandise.

The gist of the bakery's argument in this connection is that it peddles at its plant the goods, wares and merchandise manufactured by it and, therefore, is exempt from the retail merchant's license tax assessed against it by the city.

The bakery's position in this respect is erroneous for two reasons. First, it is not engaged in *peddling*, within the meaning of the statutes. A basic element of sale by peddling is that the sale be made at other than a regular place of business. Here, the bakery sells at the show-room in its plant, a regular place of business. This is not peddling. The bakery cannot, therefore, claim the benefit of an exemption from a tax which could not be imposed upon it in the first place, and then attempt to stretch such an exemption to have it apply against quite a different tax.

Second, the bakery is not selling to *licensed dealers or retailers* but to consumers, so that, for this additional reason, neither the tax nor the exemption therefrom can have any application here.

The legislature has conferred upon the city, in its charter, a general power of taxation. Under this authority, the city may impose a license tax upon a business, operating within its jurisdiction, if such business is not withheld from taxation by the legislature, even though no license is required therefor by the state. *Telephone Company* v. *Newport News*, 196 Va. 627, 633, 85 S. E. 2d 345; *Standard Oil Company* v. *Fredericksburg*, 105 Va. 82, 90, 52 S. E. 817.

We find no withholding by the legislature from the city of the power to impose a retail merchant's license tax upon a bakery which manufactures and sells its products at retail at its plant. There is, then, no reason to disturb the assessment by the city of Portsmouth of such a license tax upon the bakery. Accordingly, the judgment of the lower court will be

*Affirmed.*