## Richmond

## TOWN OF FARMVILLE v. GCC BEVERAGES, INC.

January 13, 1978.

Record No. 761240.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Howard W. Dobbins (Richard M. Price; William A. Young, Jr.; E. Preston Lancaster, Jr.; Wallerstein, Goode & Dobbins,* on briefs), for appellant.

*Lapsley W. Hamblen, Jr.; Theodore J. Craddock (Caskie, Frost, Hobbs & Hamblen,* on brief), for appellee.

Compton, J., delivered the opinion of the Court.

In this tax case, the narrow question presented deals with the validity of a local license tax imposed upon a manufacturer and distributor of franchised soft drink products.

GCC Beverages, Inc., the taxpayer, petitioned the court below, pursuant to Code § 58-1145, for relief from allegedly erroneous assessments of local license taxes for the years 1972 and 1973 by the Town of Farmville. Upon consideration of a stipulation of facts, evidence heard *ore tenus,* and the argument of counsel, the trial court found in favor of the taxpayer. We awarded the Town an appeal from the May 1976 final order which declared invalid, as applied to the taxpayer, certain local tax ordinances; exonerated the taxpayer from the payment of the disputed taxes; and ordered the Town to refund to the taxpayer such taxes in the sums of $552.75 for the year 1972 and $860.00 for the year 1973. In accordance with a stipulation of the parties, the Town also was ordered to refund such taxes paid by the taxpayer for the years 1974, 1975 and 1976.

The facts are uncomplicated and undisputed. The taxpayer corporation operates a soft drink manufacturing and distributing business in the City of Lynchburg under franchises from Pepsi-Cola Company, Dr. Pepper Company and Tru-Ade Company. The Town of Farmville is within the franchise area served by the taxpayer, which maintains a storage facility within the Town from which it distributes soft drink products. The taxpayer owns certain soft drink machines, which it leases, rents or otherwise furnishes to its customers, for the use of the taxpayer and its customers in retailing the soft drinks manufactured or distributed by it.

For some time, including the tax years in question, the taxpayer has paid taxes to the State of Virginia as a retail merchant on its vending machine operation under the applicable provisions of the State code, which imposed an annual State license tax in a fixed sum. In 1971, the Town adopted an ordinance permitting the imposition and assessment of taxes on the owners of machines into which were inserted coins to dispense articles of merchandise. Under this ordinance, the Town assessed taxes on each of the taxpayer's individual vending machines situate in the Town during the years 1972 and 1973 and thereafter, which taxes were duly paid.

The decision here turns, in part, on the analysis of certain license tax statutes codified in Articles 11 and 12 of Chapter 7 of the Tax Code. Relevant in Article 11 are Code §§ 58-355 and -361. Pertinent in Article 12 are Code §§ 58-362, -366, -367.2 and -368.*

This taxpayer paid the State tax as a retail merchant under Article 12 pursuant to § 58-362 which, in pertinent part, provided that every corporation engaged in the business of selling goods, wares and merchandise through the use of coin-operated vending machines "shall be classified as a retail merchant" on that part of the business done through such machines and shall pay an annual State license tax. Section 362 further provided that the term "engaged in the business of selling goods, wares and merchandise through the use of coin-operated vending machines" shall be construed as including the use of such machines by a soft drink manufacturer or bottler who leases, rents, or otherwise furnishes vending machines to its customers for their use in retailing the soft drinks, as well as such manufacturer which itself sells its products at retail through the use of such machines. Section 362 further provided that every such manufacturer qualifying under Article 12 as such a merchant "shall report" all sales made through the machines and "shall pay" the tax thereon under Article 12.

Also included in Article 12 was § 58-366 which provided that "[t]he taxes imposed by this article shall be in lieu of any license tax on the individual vending machines."

---

* Effective January 1, 1978, the General Assembly repealed all six of the foregoing statutes, substituting new provisions permitting a locality to tax the type of activity involved in this case. See Acts 1976, ch. 719.

Article 12 also contained § 56-367.2 which "authorized" the governing body of any town to impose local license taxes on every person or corporation "coming within the provisions of this article" and engaged in the business of selling goods, wares and merchandise through the use of coin-operated vending machines in such town and "to classify" such business as that of a retail merchant. It further provided, however, that no such local license tax shall be imposed on any such person or corporation "except by local ordinance adopting this classification."

One other pertinent Article 12 statute is § 58-368, which provided that Article 12 shall not apply to any vending machine upon which the "license tax is paid" under § 58-355, which is an Article 11 statute.

Section 355 provided, insofar as pertinent here, that any person or corporation which has anywhere in the Commonwealth a coin-operated machine into which are inserted coins to dispose of articles of merchandise shall pay for every such machine a State license tax at a fixed annual sum. Vending machines used solely for the sale of soft drinks were listed in subparagraph (2) of § 355 as being subject to the tax.

Another Article 11 statute provided that in addition to the State tax imposed in Article 11, the governing body of any "incorporated town may impose and collect a license tax upon slot machines." Code § 58-361. It was pursuant to the authority of § 361 that the Town adopted the ordinance in question imposing a tax on the individual vending machines.

The narrow question which confronts us is whether the Town has the authority, pursuant to § 361 of Article 11, to impose a local license tax upon each of the taxpayer's vending machines if the taxpayer, whose business activities fall under § 362 of Article 12, has paid the State license tax provided by § 362 as a retail merchant. Actually, the case turns upon whether, as the taxpayer argues, the General Assembly in § 362 has classified as a taxable subject the vending machine operations of soft drink bottlers and has determined that such operations shall be taxed by the State and localities as those of a retail merchant when the bottler has paid State taxes as such a retail merchant; or whether, as the Town contends, the General Assembly has established two State classifications (in § 355 and § 362) and

two local classifications (in § 361 and § 367.2), but no single tax classification which is binding for local tax purposes.

The Town, in urging that four classifications have been established, contends that Article 11 *imposed* a State tax on the machines themselves (§ 355) and *authorized* a local tax on such machines (§ 361). It argues that Article 12 *imposed* a State tax on the business of selling merchandise through the machines (§ 362) and *authorized* a local tax on that business (§ 367.2). Pointing to the taxpayer's argument that Article 12 classified the business of selling goods, wares and merchandise through vending machines as that of a retail merchant both for State and local tax purposes when the operator pays State taxes under Article 12, the Town urges that the effect of this argument is that the General Assembly's classification depends entirely upon the taxpayer's election to pay taxes under Article 12. The Town says that while the statutes gave the taxpayer the election at the State level of paying a tax under either Article 11 or Article 12, such election has no effect on local taxes which may be imposed, so the argument goes, under 11 or 12. To hold otherwise, according to the Town, would permit the unilateral action of the taxpayer to nullify the provisions of § 361 of Article 11 which, the Town says, "specifically allows localities to tax the machines themselves."

The Town further asserts that the taxpayer's argument "distilled" is that the locality is forced to tax the business "or adopt no tax at all." It says "nothing could be further from the intent of the legislature" as demonstrated by § 367.2. That section is "permissive", so the Town argues, and deals only with a license tax on a business privilege just as § 361 in Article 11 authorizes a locality to impose a tax on the machines themselves.

The Town concludes that the issue in this case is one of election and not classification. Under the authority of § 361 and § 367.2, the locality could have elected to impose a tax or it could have declined to so tax. The Town points out it imposed a tax on the machines themselves under Article 11 and never sought to collect a tax on the business of operating the machines. Thus the taxpayer had no right to elect which local tax it would be subject to merely by electing which State tax it would pay and thereby preempt the locality from electing which of the alternate taxes authorized by State law it would impose.

We disagree with the Town's contentions and affirm.

■ The taxing power of this locality must first be placed in proper perspective. The General Assembly has conferred upon the Town of Farmville, in its charter, a general power of taxation "subject to the general law of the Commonwealth." Under this authority, the Town may impose a license tax upon a business operating within its jurisdiction, if such business is not withheld from taxation by the legislature. *Caffee* v. *City of Portsmouth*, 203 Va. 928, 933, 128 S.E.2d 421, 425 (1962). Article X, § 1 of the Constitution of Virginia (1971) empowers the General Assembly to define and classify taxable subjects, and permits it to determine upon what subjects State and local taxes may be levied. So the significant inquiry here is whether the General Assembly, in § 362 of Article 12, had established a single tax classification which was binding for local tax purposes, the effect being to prohibit the Town from imposing the tax under consideration.

A reading of the plain language of the pertinent statutes in Article 12, as they interplay with those in Article 11, demonstrates to us that the General Assembly had classified the operations conducted by soft drink bottlers and distributors through vending machines as those of a retail merchant and had specified how such operations shall be taxed by the localities when the bottler had paid State taxes as a retail merchant.

The forerunner to § 362, dealing specifically with retail merchants using vending machines, was enacted at least ten years after passage of predecessors to § 355, which related to the use of coin-operated machines generally. *See* Acts 1938, ch. 212; Acts 1928, ch. 14 at 131-32. Section 362, using the term "classified", establishes in clear terms the vending operations of the soft drink bottler as those of a retail merchant. The same section mandates, by the use of "shall report" and "shall pay" the payment of a license tax as a retail merchant. Then § 366 specifies that such tax *shall* be in *lieu* of *any* tax on the individual vending machines. But the Town rejoins that § 366, *supra* at 775, says the taxes "imposed" by Article 12 shall be in lieu of any license tax on the machines themselves and, it argues, local taxes are not "imposed" by Article 12 but merely "authorized" to be "imposed" by that Article, hence the provisions of § 366 were not applicable to it because no local taxes were "imposed" by Farmville under

Article 12 but were "imposed" under Article 11. We reject that concept.

The language of § 366 was explicit and all-inclusive; it provided that the Article 12 tax shall be in lieu of *any* license tax on individual machines, not merely in lieu of *any State* license tax on individual machines, which is the effect of the Town's argument. Additionally, the provisions of § 367.2 buttress this interpretation of § 366. That section restricted *any* local ordinance imposing a license tax corresponding to a § 362 State tax by requiring that no such local license tax shall be imposed on any person or corporation "except by local ordinance adopting this classification", obviously referring to the Article 12 classification of the bottler as a retail merchant. Section 367.2 further provided that any such local license tax so imposed shall not be in excess of the rates imposed by such locality on a retail merchant selling similar goods, wares or merchandise at one definite place of business.

■ Additionally, we think it manifest that the General Assembly has provided that one whose business activities fell within § 362 could pay either the State license tax on each machine under § 355, which made no classification, or the State retail merchants' license tax under § 362, which did make a classification, and if the latter choice was made, a tax imposed by the locality on the individual machines under § 361 was invalid as to such persons. If, however, the taxpayer chose to *pay* an Article 11 State tax on the machines, then under § 368 he could not be required to pay an Article 12 local tax as a retail merchant. Significant in the interpretation of § 368 is the use of "paid" and not "imposed" as the pivotal factor. An Article 12 local tax is not permitted if the taxpayer *pays* an Article 11 State tax. But an Article 12 local tax is not excluded from applicability merely because an Article 11 State tax is *imposed* by § 355. It is the payment of the State tax following the taxpayer's election at the State level which is the determinative factor. Upon the taxpayer's election and payment to the State under Article 12, the business has been classified by the General Assembly as a separate subject of taxation and, hence, the locality is without authority to impose a tax on the individual machines. *See Hill* v. *City of Richmond*, 181 Va. 744, 26 S.E.2d 48 (1943).

Only one of the cases relied on by the Town, *Caffee* v. *City of Portsmouth*, *supra*, requires mention here. In that case, a

manufacturer and retailer of baked goods was taxed by the State as a manufacturer and by the locality as a retail merchant. The taxpayer unsuccessfully argued that the locality could not tax it as a retail merchant because the State had already classified it as a manufacturer. But in that case the designation by the State of the bakery as a manufacturer was merely an administrative determination and we held that such a ruling did not bind the locality in its decision to tax or the court upon a disputed assessment. 203 Va. at 930, 128 S.E.2d at 422. Here the classification is not simply administrative but legislative, and thus binding on the locality and the courts.

For these reasons, the judgment of the trial court will be

*Affirmed.*