# Richmond

## MARION BOTTLING COMPANY, INCORPORATED v. TOWN OF GALAX.

May 3, 1954.

Record No. 4200.

Present, All the Justices.

The opinion states the case.

*Francis M. Hoge,* for the plaintiff in error.

*H. Prince Burnett* and *L. H. Neff, Jr.,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Marion Bottling Company, Incorporated, applied to the court below for relief from certain local license taxes (Code § 58-1145) assessed against it by the town of Galax. From an order denying relief it obtained this appeal and here contends that the town had no authority to levy the taxes.

The facts are stipulated to be as follows:

"1. Marion Bottling Company, Inc., is a bottler of soft drink beverages with its bottling plant located at Marion, Virginia, and owns and operates a warehouse in the Town of Galax, Virginia. Bottled beverages are transported in large shipments from the Marion plant to the Galax warehouse, stored there, then delivered to independent retailers and dealers on delivery trucks owned and operated over more or less regular routes by Marion Bottling Company, Inc.

"2. Bottled beverages are not offered for sale at the warehouse in Galax; there is no regular attendant in charge or any telephone installation at the warehouse. Unloading incoming shipments, storage and loading trucks for sale and delivery to independent dealers are the only operations carried on at the warehouse and it is open only at such times. Orders are received and filled on the regular delivery routes; no sales are made to consumers at any time and the bottling company does not own or operate any retail store.

"3. The Town of Galax assessed Marion Bottling Company, Inc., with a Selling to Dealers License for 1948 and Distributing House License for 1949 under Section 32 of its License Code."

Section 32 of the Galax License Code is in these words:

"DISTRIBUTING HOUSES: For every distributing house or place in the Town of Galax (other than the house or place of manufacture) operated by any person, firm or corporation engaged in the business of a merchant in said town for the purpose of distributing goods, wares and merchandise to retail stores, a separate license shall be required, and the goods, wares and merchandise distributed through such distributing house or place shall be regarded as purchases for the purpose of measuring the license tax, which tax shall be the same as the license tax imposed on a wholesale merchant."

The appellant contends that this ordinance is illegal and unenforceable because of the provisions of the following State statutes:

By § 58-400 of the Code the appellant is declared to be a manufacturer and is taxed on its capital pursuant to § 58-418.

Section 58-316 of the Code, as amended by Acts 1950, chapter 458, page 893, provides that a manufacturer taxable on capital by the State may *sell and deliver at the same time* to licensed dealers or retailers, but not to consumers, anywhere in the State, the goods manufactured by him, without the payment of any license tax of any kind *for such privilege* to the State or to any city, town or county, "except as in this section provided."

The exception is that if a manufacturer sells the goods manufactured by him at a definite place or store other than the place of manufacture, to other persons for resale, or to institutional, commercial or industrial users, then he must take out a wholesale merchant's license. Section 58-317 provides that the amount of the license tax shall be governed by the cost of manufacture, as well as by purchases made from others.

The Galax ordinance is patterned after § 58-319 of the Code, which provides for a separate State license tax on a distributing house or place operated by a merchant in this

State for the purpose of distributing goods among his retail stores, the tax to be the same as that imposed on a wholesale merchant. A like ordinance was considered and the origin and purpose of the State statute were stated in *Great Atlantic &c. Tea Co.* v. *City of Richmond*, 183 Va. 931, 33 S. E. (2d) 795.

Unless prohibited by § 58-316, the town of Galax very clearly had the right to enact its license ordinance on distributing houses under § 58-266.1 of the Code, which authorizes a city or town to levy a license tax on whatever the State requires a license for; and also under the broader provisions of § 47 and amended § 51 of its charter, Acts 1922, ch. 101, pp. 140, 148; Acts 1936, ch. 51, p. 78, authorizing the town to impose, within constitutional limitations, a license tax on any business or thing done in the town, whether a State license is required therefor or not, unless such imposition is forbidden by general law. See also *City of Norfolk* v. *Norfolk Landmark Co.*, 95 Va. 564, 28 S. E. 959; *Fallon Florist* v. *City of Roanoke*, 190 Va. 564, 58 S. E. (2d) 316.

Section 58-316, as applied to the stipulated facts of this case, permits the appellant to sell and deliver at the same time from its factory its products to licensed dealers or retailers in the town of Galax or anywhere else in the State without payment to the town of Galax of any license tax of any kind for that privilege. If it sells at a definite place or store in Galax, it would have to take out a State wholesale license, and Galax could also require a license for that business.

According to the stipulated facts, appellant has no such definite place or store in Galax. It does own and operate a warehouse in Galax but does not offer its products for sale there. The only business done at the warehouse consists of unloading the products transported there from Marion, storing those products in the warehouse, and then loading them into trucks for sale and delivery from the trucks to dealers on the regular delivery routes.

The first question, therefore, is whether this warehouse operation is exempt from the payment of any license tax thereon to the town by virtue of the provision of § 58-316 to the effect that the appellant may "sell and deliver [its products] at the same time" anywhere in the State without the payment of any license tax for that privilege to the State or any of its political subdivisions.

In *Home Brewing Co.* v. *City of Richmond*, 181 Va. 793, 797-8, 27 S. E. (2d) 188, 190-1, we held that the fact that the Brewing Company paid a State tax on capital and also a city property tax did not exempt it from the payment of a city license tax for the privilege of manufacturing soft drinks, for the reason that the provision of the statute (now § 58-316) exempting from taxation the privilege of selling did not exempt from taxation the privilege of manufacturing and bottling. "To sell and deliver is entirely different from manufacturing and bottling soft drinks."

In *Commonwealth* v. *Bibee Grocery Co.*, 153 Va. 935, 151 S. E. 293, the provision for a license tax on distributing houses, then part of § 188 of the Tax Code, now § 58-319, *supra*, was attacked as unconstitutional. There the appellee operated seven retail grocery stores in Lynchburg and vicinity. It leased a warehouse in the city from which it distributed goods for sale in its retail stores. No goods were sold from the warehouse which was maintained solely as a distributing point. The appellee refused to apply for a license for the operation of this distributing house. We held the section imposing the license to be valid and enforceable and in the course of the opinion said this:

" * * * It was competent for the legislature to place merchants operating a distributing house in a different classification from those merely conducting retail stores. There is nothing in the record to show that the maintenance of a distributing house is a necessary incident to the business of operating several retail stores. It is unquestionably true that the maintenance and operation of a large distributing house in addition to operating seven retail stores imposes upon the

Commonwealth and the cities thereof a greater burden in fulfilling their obligations of protecting property rights, maintaining streets and highways, as well as furnishing sewer and other sanitary conveniences." 153 Va. at p. 940, 151 S. E. at pp. 294-5.

Likewise there is nothing in the record here to show that the maintenance and operation of the distributing house in the town of Galax is a necessary incident to the appellant's business of selling and delivering its products from its trucks to dealers and retailers on its regular delivery routes. It is doubtless convenient and profitable to the appellant to have and operate this distributing house in the town, and while it is an operation used by the appellant in connection with the business of selling and delivering its products, it is not a necessary part of the act of selling and delivering so as to bring it within the exemption of the statute. We accordingly hold that the town is not prohibited by § 58-316 from levying a proper license tax for the operation of appellant's warehouse in the town as described in the stipulated facts.

The appellant further argues that the Galax ordinance is illegal because it provides that the tax shall be measured by "all merchandise distributed through the warehouse including that peddled to the trade on regular delivery routes, and is not limited to merchandise sold at a definite place or store within the Town."

That feature does not render the ordinance invalid. This ordinance, as was said of the similar one in *Great Atlantic &c. Tea Co.* v. *City of Richmond, supra,* does not impose a tax upon any property of the appellant. It imposes a privilege tax for the privilege of maintaining and conducting a place of business in the town for the unloading, storing and reloading of its products for sale and delivery elsewhere. The merchandise distributed from the warehouse "is merely made the measure of the amount to be paid for the privilege of conducting the business involved." 183 Va. at p. 951, 33 S. E. (2d) at p. 804.

While the town is not prohibited from requiring a proper license tax for the operation of appellant's warehouse, yet the ordinance relied on as authorizing and directing the levies here involved must include the appellant's warehouse within its terms. "No tax is valid unless it be supported by express legislative authority," and "an executive officer who seeks to enforce a tax must always be able to put his finger upon the statute which confers such authority." *Woodward* v. *City of Staunton*, 161 Va. 671, 673, 171 S. E. 590, 591. Tax laws are to be construed liberally in favor of the taxpayer and are not to be extended by implication beyond the clear import of the language used. *Ceroli* v. *City of Clifton Forge*, 192 Va. 118, 120, 63 S. E. (2d) 781, 782.

The Galax ordinance, quoted above, levies a license tax on every distributing house or place in the town which is operated by any person, firm or corporation "engaged in the business of a merchant in said town" for the purpose of distributing goods to retail stores. From the stipulated facts it is very clear that appellant is not engaged in the business of a merchant in the town. It only operates a warehouse in the town, for the purpose of unloading and storing its products and loading them again into trucks for sale and delivery on orders received and filled on the regular delivery routes. In its brief the town suggests that sales from the trucks are made in the town and appellant is therefore a peddler and that a peddler is also a merchant, as said in *City of Richmond* v. *Richmond Dairy Co.*, 156 Va. 63, 77, 157 S. E. 728, 733.

The stipulated facts do not show that any sales from trucks were made in the town, but assuming such sales were made, that fact did not make the appellant a corporation "engaged in the business of a merchant" in the town within the meaning of the ordinance. The act of selling and delivering at the same time from its trucks, whether done in or out of the town of Galax, was an act specifically exempted by § 58-316 from any sort of license tax, as a

merchant or otherwise. Not only so, but § 58-400 of the Code provides that persons, firms and corporations engaged in the business of manufacturing carbonated beverages and bottling *and selling* the same shall be deemed manufacturers and not merchants.

Section 32 of the town License Code by its terms applies only to distributing houses which are operated by those engaged in the business of a merchant in the town, and hence it did not apply to the appellant which was not so engaged.

Nothing is shown in the record or in the briefs as to the basis for assessing the appellant with "a Selling to Dealers License for 1948," as appears in the stipulated facts. Such a license is obviously not authorized by § 32 of the town License Code and is clearly prohibited by § 58-316.

Appellant is therefore not liable for the town license taxes assessed against it by the town for 1948 and 1949 and was entitled to relief therefrom as prayed in its petition. The order appealed from, holding that said assessments were valid and legal, is therefore reversed and this case is remanded to the court below with direction to enter an order correcting the said assessments and, if the taxes thereon have been paid, requiring the amount thereof to be refunded.

*Reversed and remanded.*

MR. CHIEF JUSTICE HUDGINS concurs in the result.