# Richmond

CITY OF RICHMOND v. JAMES H. VALENTINE, INDIVIDUALLY AND TRADING, ETC.

JAMES H. VALENTINE, INDIVIDUALLY AND TRADING, ETC. v. CITY OF RICHMOND.

June 11, 1962.

Record Nos. 5417, 5418.

Present, All the Justices.

*O. C. Thacker, Jr., Assistant City Attorney (J. E. Drinard, City Attorney*, on brief), for appellant, City of Richmond and for appellee, City of Richmond.

*Franklin J. Carter (Edward A. Marks, Jr.; Sands, Anderson, Marks & Clarke*, on brief), for the appellee, Valentine and for the appellant, Valentine.

BUCHANAN, J., delivered the opinion of the court.

James H. Valentine, individually and trading as The Valentine Auction Company, herein referred to as petitioner, filed a petition for a declaratory judgment, Code § 8-578, to have an adjudication as to what receipts should be included in determining the amount of the auctioneer's license tax assessed against him under the license tax ordinance of the city of Richmond.

Petitioner alleged that he had engaged for a number of years in the business of an auctioneer and appraiser of personal property in the city and was required to pay a license fee based on "the gross amount of the sales of his business" in excess of a base amount. He asserted that this base amount ought not to include compensation received by him as an auctioneer when employed by courts and fiduciaries, or compensation received by him as an appraiser of personal property.

The city filed its answer and asserted its right to include in the base amount all of petitioner's receipts as auctioneer and appraiser except those exempted by § 33-161(c) of its Code, relating to sales by fiduciaries and court appointees.

Section 33-158 of the city Code provides that licensed auctioneers "may sell by auction any property not prohibited by law," and, if not a livestock auctioneer, "shall pay a license tax equal to $300.00 and thirty-four hundredths of one per cent of the gross amount of sales of the business in excess of $82,352.00".

Section 33-161 of the city Code provides that no auctioneer's license shall be required for the sale of certain items therein listed, nor any license tax paid by certain fiduciaries and officers appointed by a court.

The court heard the matter *ore tenus* and rendered a written opinion holding that the exemptions provided by § 54-792 of the Virginia Code were applicable, and accordingly entered its decree adjudicating that the following gross receipts from petitioner's busi-

ness as an auctioneer were exempt from inclusion in the percentage basis of the city license tax:

(1) Where there has been no qualification on the estate of a decedent and the heirs commission petitioner to auction the property;

(2) Where a deed of trust or court order authorizes an auction sale;

(3) The exemptions specified in § 33-161 of the city Code; and

(4) Gross receipts from appraisals.

The city assigned errors which raise, it says, two main questions: (1) Whether § 54-792 of the State Code is applicable to the city; and (2) Whether gross receipts from appraisals are includable in the tax base.

The petitioner cross-appeals from the holding that receipts from the sales of property belonging to decedents' estates upon which there has been a qualification are not exempt.

■ The city's power to tax derives from § 58-266.1 of the Virginia Code and § 2.02(a) of its charter (Acts 1948, ch. 116, p. 177). The former provides that a city or town may impose a license tax for doing therein anything for which the State requires a license, except for selling certain products grown or produced by the seller, and for publishing a newspaper and operating a broadcasting station. Section 2.02(a) of the charter gives the city power to raise money by taxes and assessments, in such manner as the council shall deem expedient, "provided that such taxes and assessments are not prohibited by the laws of the Commonwealth."

A prohibition by the law of the Commonwealth is found in § 54-792 of the Virginia Code.* That section is the first in Article 1, chapter 20, of title 54. Article 1 is on the subject of "Auctioneers Generally" and § 54-792 bears the title "Who may sell at auction without a license." No limitation of the area of its operation is sug-

---

* § 54-792. Who may sell at auction without a license.—No person shall sell at auction or public outcry, for compensation, without a license, except in the following cases:

(1) The estate of a decedent may be sold by his personal representatives or his agent, according to law or the provisions of the will.

(2) Property conveyed by deed of trust or decreed or ordered to be sold by a court may be sold according to the deed, decree or order.

(3) Any person may sell the agricultural products of this State arising from his own or other labor under his control or his real or personal estate not sold or purchased on speculation.

(4) Any officer may sell property distrained by him under execution or other legal process.

(5) Licensed commission merchants may sell live or dressed fowls, fresh vegetables and fresh fish, upon taking out a license as a common crier.

gested in its language. On its face it announces a public policy of State-wide application. It denies generally a right to require a license to sell at auction the estate of a decedent; property conveyed by a deed of trust or ordered sold by a court; agricultural products of this State produced by or for the seller, or his real or personal property not sold or purchased on speculation; property levied on by an officer, and certain food items sold by commission merchants licensed as common criers.

If these restraints be not applied to cities and towns, then any city or town may require a license and levy a tax on all who sell at auction or public outcry, be he the executor of a will, the administrator of an estate, the trustee in a deed of trust; the farmer selling the products of his farm, or the farm itself, or the personal property on it; the commissioner appointed by a court, or the officer who sells under legal process. The exemption formerly appearing in § 58-286 of the State Code, to the effect that a general auctioneer is not required to pay the percentage tax on sales made by him under order of a court, or for fiduciaries, was omitted when that section was rewritten by the 1960 Assembly. Acts 1960, ch. 150.

The argument for the city that it has power to impose license taxes upon all business not specifically exempted by constitution or statute is not correct. The power may be denied by necessary implication as well. *City of Norfolk* v. *Griffith-Powell Co.*, 102 Va. 115, 120, 45 S. E. 889, 891. Municipal corporations have no powers of taxation unless the power is plainly conferred, and laws conferring such powers must be strictly construed. *Peters* v. *Lynchburg*, 76 Va. 927, 932; 13 Mich. Jur., Municipal Corporations, § 115, p. 479.

It is not questioned that when the legislature confers upon a municipality the general power of taxation the municipality may then impose taxes upon all subjects within its jurisdiction not withheld from taxation by the legislature, whether they be taxed by the State or not. *Norfolk* v. *Norfolk Landmark Publ. Co.*, 95 Va. 564, 28 S. E. 959; *C. & P. Telephone Co.* v. *Newport News*, 196 Va. 627, 634, 85 S. E. 2d 345, 349.

In the first-named case it was said that the grant to the city of power to levy taxes "in accordance with the laws and constitution of this State" meant levies "not inconsistent with" the laws and constitution of the State, and only expressed a limitation upon the general power conferred that would have been necessarily understood.

Section 2.02(a) of the city charter requires that taxes and assessments levied by the city be of a kind "not prohibited by the laws

of the Commonwealth". We hold that the city is prohibited by the laws of the Commonwealth from taxing the petitioner with respect to the items made exempt by § 54-792 of the Virginia Code. *Cf. Norfolk* v. *Griffin Brothers,* 120 Va. 524, 534, 91 S. E. 640, 643; *Hill* v. *City of Richmond,* 181 Va. 744, 754, 26 S. E. 2d 48, 52.

The city next contends that the trial court erred in holding that the petitioner's gross receipts from appraisals were not to be included in determining the amount of his license tax under § 33-158 of its ordinances. That section, as noted, bases the percentage assessment on "the gross amount of the sales of his business". The city says that phrase is equivalent to "gross receipts of the business". Section 33-92 of the city Code provides that "gross receipts of the business" means the gross receipts of the business, occupation or profession from all earnings, fees, etc., "and from all income whatsoever arising from or growing out of the conduct of the business, occupation or profession, * *."

It is stipulated that the city does not require a license for the privilege of conducting the business of an appraiser. The evidence is, as stated by the court, that the petitioner charges clients an independent fee for appraisals. On this point the court, in its opinion, said:

"No doubt the petitioner is selected to make appraisals due to the expert knowledge he has acquired over his long experience as a licensed auctioneer—but it cannot thereby be said that the appraisal work grows out of the auctioneer's business. Any regular attendant at the petitioner's auctions would gain the same experience."

We agree with the court's conclusion that the petitioner's gross receipts from appraisals are not to be included in the percentage basis of his auctioneer's license tax.

Tax laws are to be liberally construed in favor of the taxpayer and are not to be extended by implication beyond the clear import of the language used. *Marion Bottling Co.* v. *Galax,* 195 Va. 1115, 1121, 81 S. E. 2d 624, 628; *City of Richmond* v. *Bosher,* 197 Va. 182, 187, 89 S. E. 2d 36, 39.

No one can be held to the payment of a tax unless he comes clearly within the terms of the particular act or ordinance. *Estes* v. *Richmond,* 193 Va. 181, 189, 68 S. E. 2d 109, 114.

The city's ordinance requires that an "auctioneer" shall pay a license tax. An auctioneer is one who sells at auction. An appraiser is one who ascertains values. Black's Law Dict., 3d ed., pp. 128, 169.

The city ordinance taxes only the auctioneer and it cannot be extended by implication and indirection to include an appraiser.

The city concedes that the petitioner's cross-assignment is well taken if § 54-792 applies to the city, as we hold it does. Paragraph (1) of § 54-792 provides: "The estate of a decedent may be sold by his personal representatives or his agent," without a license. The trial court held that "his agent" meant only the decedent's agent, and hence sales of a decedent's property were exempt only where there had been no qualification on the decedent's estate and the auctioneer sells at the behest of the heirs. We agree with the city that "representatives" in paragraph (1) should read "representative" as it did in the original statute, Acts 1915, Ext. Sess., ch. 148, p. 240. Under paragraph (1) of § 54-792 the estate of a decedent may be sold by his personal representative or an agent of his personal representative at auction without a license.

The order of the trial court is accordingly amended in this respect and as so amended is affirmed.

*Amended and affirmed.*