Atlantic Charter Service, Inc.

v.

City of Virginia Beach

June 29, 1972

Case No. (Law) 14588

By JUDGE GEORGE W. VAKOS

Petitioners, Atlantic Charter Service, Inc., a corporation organized to operate a charter boat service in the City of Virginia Beach, filed a motion for Declaratory Judgment requesting the court to determine the validity of an amendment to the City's Admission Tax Ordinance (§ 33-59 of the City Code) adopted on May 10, 1971, that included "charter boats" as a place of amusement or entertainment where the admission tax must be collected from the patrons of such boats. The petitioner alleges in his motion that the application of the tax to charter boats is discriminatory and unconstitutional and, in its memorandum filed herein, argues that charter boats are not places of amusement or entertainment as defined by the ordinance and should not be classified as such and further that the city has no authority from the state to impose such a tax on boats since the state has reserved upon itself the right to regulate boats and fishing.

The City argues this is a proper subject of taxation and that by the definition of the word amusement, charter boats catering to fishermen or sightseers who pay a fee therefore are properly included as amusements.

The petitioner apparently is not attacking the validity of the admissions tax ordinance of the city but only its application to charter boat patrons.

*Black's Law Dictionary, 4th Edition,* defines *Amusement* as "Pastime, diversion, enjoyment. A pleasurable occupation of the senses, or that which furnished it."

*Ballantine's Law Dictionary, 3rd Edition,* defines *Place of Amusement* as "A place to which people resort for diversion or pleasure, some being exhibitive and others participative, the former being represented by theatres, stadiums, and so forth, and the latter by skating rinks, bowling alleys, and so forth."

The purpose of charter boats whether they be for fishing or sightseeing is to provide a pastime or diversion to the users of such boats either in the form of participation, if fishing, or exhibitive, if sightseeing. They, therefore, properly fall within the classification of a "Place of Amusement." The court has deliberately avoided using the word, "enjoyment," because there are some fishermen who would argue that to charter a boat for the purpose of fishing and not catch anything is not enjoyment. But even then, it is either a pastime or diversion for these people.

Article X, Section 1, of the Constitution of Virginia provides that, "All taxes shall be levied and collected under general laws and shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax . . ." This section further provides that, "The General Assembly may define and classify taxable subjects." This was done by the General Assembly and is found in § 58-404.1 of the 1950 Code of Virginia that provides:

> In accordance with the provisions of Article X, Section 1, of the Constitution of Virginia, events to which admission is charged shall be divided into the following classes for the purpose of taxation:
>      a. Admissions charged for attendance at any event, the gross receipts of which go wholly to charitable purpose or purposes.
>      b. All other admissions.

The Attorney General of Virginia in an opinion addressed to The Honorable Richard Guy on November 30, 1970, when questioned about the admissions tax ordinance applica-

tion stated that he construed "an admissions tax to be a tax upon the persons attending an event and not a tax upon the sponsoring organization."

Section 33-60 of the Code of the City of Virginia Beach provides as follows:

> There is hereby imposed and levied and there shall be collected a tax of one cent for each twenty cents, or fraction thereof in excess of four cents, of the amounts paid for the admission to any place of amusement or entertainment, to be paid by every person who pays an admission charge to such place. In case of the admission fee of any person, except those set forth in § 33-67, to any place of amusement or entertainment at any time when an admission charge is made to other persons, an equivalent tax is hereby levied and shall be collected based on the price charged to such other persons of the same class for the same or similar accommodations, such tax to be paid by the person so admitted.
>
> A tax of five percent of all amounts paid for refreshments, service, or merchandise is hereby imposed and levied at any of the places of amusement or entertainment enumerated in Section 33-59 at which no admission charge is made.

In view of this, the court agrees with the Attorney General, since the tax is imposed and levied upon the person who pays an admission charge and the sponsoring organization is only charged with its collection. Since the tax is imposed only on the persons using the facilities of the charter boat operator and not upon the charter boat, it does not infringe upon the state's regulation of boats or boating or upon the state's licensing fishermen in order to promote the welfare of the seafood industry as expressed in § 28.1-23 of the Code of Virginia.

In discussing a city's power of taxation, the Supreme Court in *Caffee v. City of Portsmouth*, 203 Va. 928 (1962), at page 933, said:

The legislature has conferred upon the city, in its charter, a general power of taxation. Under this authority, the city may impose a license tax upon a business, operating within its jurisdiction, if such business is not withheld from taxation by the legislature, even though no license is required therefore by the state.

The application of this principal applies to any proper subject of taxation not reserved exclusively to the state, either by the Constitution or legislation, or regulated by the state. The state has not seen fit to reserve unto itself the right to impose a tax upon admissions paid or to regulate the imposition of such tax except as set forth in § 58-404.1 of the Code. The city thus has the right to impose such a tax. In *City of Richmond v. Valentine*, 203 Va. 642 (1962), at page 646, the court said:

No one can be held to the payment of a tax unless he comes clearly within the terms of the particular act or ordinance.

It is the opinion of this court that persons paying a charter boat fee are clearly defined by § 33-59 and Section 33-60 of the City Code, and the charter boat operators must collect the admissions tax levied and imposed upon such persons. The fact that the collection of the tax may create a hardship upon some charter boat operators or that the collection of the taxes by the city will be difficult to enforce does not invalidate the ordinance. *See City of Richmond v. Fary*, 210 Va. 338 (1969).

The court, therefore, is of the opinion that the inclusion of "charter boats, drift boats, and party boats" as "places of amusement or entertainment" in the Admissions Tax Ordinance of the City and the levy and imposition of an admissions tax upon persons paying a fee to the boat operators is a valid exercise of the taxing powers granted unto the City of Virginia Beach by the State Constitution and the legislature.