# Richmond

## CITY OF RICHMOND

## V.

## PETROLEUM MARKETERS, INC.

August 28, 1980.

Record No. 781294.

Present: All the Justices.

William L. Wimbish, *Assistant City Attorney*, for appellant.
J. Waller Harrison (*Joseph C. Wool, Jr.; McGuire, Woods & Battle*, on brief), for appellee.

THOMPSON, J., delivered the opinion of the Court.

In this appeal from the trial court's order granting an application for correction of an erroneous tax assessment, we decide whether Petroleum Marketers, Inc. (Petroleum) was "engaged in the business of a wholesale merchant" within the City of Richmond (City) for the year 1975, thus rendering Petroleum liable to the City for wholesale business license taxes for that period.

The facts are essentially undisputed. Petroleum is a wholesaler of fuel oils. Oil is shipped to Petroleum via pipeline, barge, and various other means, and is subsequently stored at terminal facilities located in the City. Petroleum leases these facilities from Fuel Oils, Inc. (Fuel Oils). Oil is dispatched to Petroleum's customers at the terminal facility by Fuel Oils in accordance with advance orders or instructions from Petroleum. Fuel Oils performs these services pursuant to its lease agreement with Petroleum. Further, no services are ever performed by Fuel Oils unless such services are specifically set forth in the lease.

During the tax year 1975 Petroleum maintained its offices in Henrico County. All contracts between Petroleum and its customers were made in the Henrico County office. Petroleum invoiced and received payment from all of its customers in that office. Petroleum did not receive or accept a customer order at the City terminal facility.

The City contends that under City Code § 37-189*, Petroleum was a wholesale merchant doing business within the City during 1975. Accordingly, the City claims that Petroleum is liable to it for whole-

---

* The section provides in pertinent part:

(a) Every person engaged in the business of a wholesale merchant shall obtain a license for the privilege of doing business in the city and shall pay a license tax therefor to be measured by the amount of purchases made by him or it during the preceding license year. The term "wholesale merchant" as used in this section shall include every merchant who sells to others for resale only, or who sells to institutional, commercial or industrial users, and a separate license shall be obtained for each definite place of business.

sale business license taxes for that time. Petroleum contends that the controlling statute is Virginia Uniform Commercial Code § 8.2-401 (3)(b) which states that "if the goods are at the time of contracting already identified and no documents are to be delivered, title passes at the time and place of contracting."

The ultimate question which we must decide is whether Petroleum's "sales" occurred where the contracts for the purchase of the oil were executed (Henrico County) or where the goods were, in fact, delivered (City). Our inquiry is whether there is a sufficient nexus between the activities of Petroleum and the City to justify the City classifying Petroleum as a wholesale merchant subject to the City's license tax. The relevant statutes are Virginia Code § 8.2-106(1) which says in part that "[a] 'sale' consists in the passing of title from the seller to the buyer for a price (§ 8.2-401)," and Virginia Code § 8.2-401(2) which says in part that "[u]nless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods . . ."

The obvious conclusion is that title passed when the product was pumped out of Petroleum's rented tanks and into whatever facility its customer provided.

For our purposes the "goods" were not "identified" at the time of contracting. In *Geoghegan* v. *Arbuckle Bros.*, 139 Va. 92, 109, 123 S.E. 387, 392 (1924), we said:

> In cases like these, where portions of a larger mass, liquid or solid, are sold, and where the portion sold must be *weighed* or *measured* (which of necessity includes the idea of *separating* them from the general mass), it may be said that the identity and individuality of the part sold must be ascertained by actual separation from its kindred residue, before the sale will be complete to pass the property; or, in other words, before there can be a constructive delivery.

Reliance of Petroleum and the trial court on the precedential significance of *Marion Bottling Co.* v. *Town of Galax*, 195 Va. 1115, 81 S.E.2d 624 (1954) is misplaced. In that case Marion Bottling Company bottled soft drink beverages in Marion, Virginia, and shipped them to its warehouse in Galax for storage. The beverages were subsequently delivered from the warehouse to retailers on delivery trucks owned and operated by the bottler. Although it was held that the bottler was not liable for license taxes, we did not resolve whether

sales of soft drinks were made within the town of Galax. Instead, it was found that under then Code §§ 58-316 and -400, Marion Bottling Company was specifically exempt from merchant taxes even if such sales were made in the town: "[P]ersons, firms and corporations engaged in the business of manufacturing carbonated beverages *and selling* the same shall be deemed manufacturers and not merchants." *Marion Bottling,* 195 Va. at 1122, 81 S.E.2d at 628. No similar statutory exemption is created for Petroleum. Accordingly, *Marion Bottling* is inapposite.

It is immaterial that Petroleum carried on most of its day-to-day business activities in Henrico County. Petroleum made wholesale sales within the City of Richmond during 1975, and it was a wholesale merchant within that jurisdiction for purposes of Richmond City Code § 37-189.

For the reasons stated above, we hold that Petroleum is liable to the City for applicable wholesale business license taxes. The judgment of the lower court is reversed and final judgment will be entered here for the City.

*Reversed and application dismissed.*