Present:  All the Justices

COMMONWEALTH OF VIRGINIA,
DEPARTMENT OF TAXATION

                                    OPINION BY
v.  Record No. 970938    CHIEF JUSTICE HARRY L. CARRICO
                                February 27, 1998
BLANKS OIL CO., INC.

            FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
                   J. Samuel Johnston, Jr., Judge

     The question for decision in this sales tax case is

whether the situs for the assessment of a local tax on

sales of home heating fuel is the place of delivery or the

place of the dealer's business.  The trial court ruled that

the place of delivery was the proper situs for such

assessment.  Finding this ruling erroneous, we will

reverse.

     The levy of a local one percent general retail sales

tax by cities and counties is authorized by Code § 58.1-

605(B).  Such tax is administered and collected by the

State Tax Commissioner in the same manner as the state

sales tax.  Code § 58.1-605(D).  The local taxes so

collected are paid into a special fund of the state

treasury and credited to the account of each particular

city or county levying a local sales tax.  Code § 58.1-

605(E).  The local sales tax applies to home heating fuel

unless exempted by a duly adopted ordinance of a local

governing body.  Code § 58.1-609.13.

In a motion for judgment filed against the Commonwealth of Virginia Department of Taxation (the Department), Blanks Oil Co., Inc. (Blanks), whose place of business is located in Campbell County,[*] sought the correction of an allegedly erroneous assessment of a one percent local sales tax on home heating fuel that Blanks delivered to its customers in the counties of Pittsylvania and Bedford. Pittsylvania and Bedford exempt the sale of such fuel from the local sales tax; Campbell does not.

The trial court held that because the proper situs of the assessment of the local tax on sales of home heating fuel was the place of delivery and because such sales were exempt from the tax in the counties of Pittsylvania and Bedford, where the deliveries in question were made, the assessment against Blanks was erroneous. Accordingly, the court ordered that the Department refund to Blanks $2,536.40 for local sales taxes assessed in 1992 on deliveries Blanks made in such counties. We awarded the Department this appeal.

Well-established rules govern the disposition of the question presented by this appeal. "Any assessment of a

---

[*] It is undisputed that Blanks' place of business in Campbell County is where orders for home heating oil are placed and processed and where accounting functions are performed.

tax by the Department shall be deemed prima facie correct."
Code § 58.1-205(1).  The burden is upon the taxpayer
challenging an assessment to show that the assessment is
erroneous or otherwise improper.  Code § 58.1-1825;
Department of Taxation v. Lucky Stores, Inc., 217 Va. 121,
127, 225 S.E.2d 870, 874 (1976); Union Tanning Co. v.
Commonwealth, 123 Va. 610, 632-33, 96 S.E. 780, 786-87
(1918).  The State Tax Commissioner is empowered to issue
regulations relating to the interpretation and enforcement
of the laws governing taxes administered by the Department.
Code § 58.1-203.  And the Commissioner's construction of a
tax statute, while not binding upon this Court, is entitled
to great weight.  Department of Taxation v. Wellmore Coal
Corp., 228 Va. 149, 154, 320 S.E.2d 509, 511 (1984);
Webster v. Department of Taxation, 219 Va. 81, 84-85, 245
S.E.2d 252, 255 (1978).

In its final order, the trial court stated that City
of Richmond v. Petroleum Marketers, Inc., 221 Va. 372, 269
S.E.2d 389 (1980), supported the court's ruling that
Blanks' assessment was erroneous.  Blanks cites Petroleum
Marketers on appeal, but we find that the case is
inapposite.

Petroleum Marketers did not involve a sales tax, and
Code § 58.1-605, at issue here, was not implicated in any

3

way.  That case determined whether a fuel oil dealer was engaged in the business of a wholesale merchant in the City of Richmond within the meaning of a provision of the City Code which imposed a wholesale license tax upon such merchants.

he merchant in question maintained its place of business in Henrico County, where all its customer contracts were made, but delivered fuel oil to customers in the adjoining City of Richmond.  The section of the City Code imposing the wholesale merchants license tax was silent on the issue of place of sale.  Id. at 373 n*, 269 S.E.2d at 390 n*.  Accordingly, we looked to the Uniform Commercial Code (UCC) for a definition of the terms "sale" and "place of sale" as well as for assistance in determining whether "there [was] a sufficient nexus between the activities of Petroleum [Marketers] and the City to justify the City classifying Petroleum [Marketers] as a wholesale merchant subject to the City's license tax."  Id. at 374, 269 S.E.2d at 390.

iting several provisions of the UCC, we held that "title [to the fuel oil] passed when the product was pumped out of [the merchant's] tanks and into whatever facility [in the City of Richmond] its customer provided." Id. Accordingly, we concluded that the merchant had made

4

"wholesale sales within the City of Richmond . . . and . . . was a wholesale merchant within that jurisdiction for purposes of [the wholesale merchants license tax]." Id. at 375, 269 S.E.2d at 390.

Here, unlike the Richmond City Code, the statute authorizing the local sales tax in question is not silent on the issue of place of sale. The statute fixes the place of business of the dealer as the place of sale. Code § 58.1-605(E) provides that the basis of the credit to the cities and counties levying a local sales tax "shall be the city or county in which the sales were made . . ., namely, the city or county of location of each place of business of every dealer paying the tax to the Commonwealth without regard to the city or county of possible use by the purchasers." (Emphasis added.)

Furthermore, consistent with the provisions of Code § 58.1-605, a long-standing regulation promulgated by the Department also fixes the place of business of the dealer as the place of sale. Published in 23 Va. Admin. Code 10-210-630(E)(1), the regulation provides as follows:

> The local 1% sales tax will be allocated to the locality in which the place of business from which the sale is made is located. Place of business is defined as an established business location at which orders are regularly received. Therefore the situs of sale shall be the business location that first takes the purchaser's order, either in person, by purchase

5

order, or by letter or telephone, regardless of the location of the merchandise or the point of acceptance of the order or shipment.

Blanks maintains, however, that this regulation is inconsistent with Code § 8.2-401(2), a part of the Uniform Commercial Code, and, therefore, violative of Code § 58.1-203(A), which provides that the Department's regulations "shall not be inconsistent with the Constitutions and applicable laws of this Commonwealth and of the United States."

Code § 8.2-401(2) provides that "title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods." Here, Blanks argues, it completed its performance and title passed when the home heating oil was delivered and metered and invoices were rendered to its customers in Pittsylvania and Bedford counties. Blanks asserts that we are "bound by the UCC" and must recognize the place of delivery as the place of sale in this case.

Blanks acknowledges that the General Assembly may override a provision of the UCC by the enactment of other legislation. But, Blanks says, the General Assembly's enactment of the legislation authorizing the assessment of a local sales tax did not override the UCC's § 8.2-401(2).

6

We disagree with Blanks.  Code § 8.2-401(2) is a statute of general application while Code §§ 58.1-605 and –609.13 are statutes of specific application.  Code § 8.2-401(2) speaks to innumerable types of sales generally; Code § 58.1-605 deals with the specific subject of local sales taxes and Code § 58.1-609.13 with the sale of a specific commodity, viz., home heating fuel.

"[W]hen one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner . . . and . . . they conflict, the latter prevails."  Virginia Nat'l Bank v. Harris, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979); see also County of Fairfax v. Century Concrete Services, Inc., 254 Va. 423, 427, 492 S.E.2d 648, 650 (1997); Dodson v. Potomac Mack Sales & Service, Inc., 241 Va. 89, 94-95, 400 S.E.2d 178, 181 (1991).  Hence, we conclude that the enactment of Code §§ 58.1-605 and –609.13 did override Code § 8.2-401(2) to the extent that the former sections fix the place of sale of home heating fuel for the purpose of assessing the local sales tax.

Blanks contends, however, that Code § 58.1-605 is merely "an administrative statute."  Blanks argues that the Code section serves only to enable the Commissioner to make the ministerial determination of a place of sale for the

7

purpose of crediting the accounts of the localities levying the local sales tax.

Again, we disagree with Blanks. In our opinion, Code § 58.1-605 is a substantive measure, and it displays the clear legislative intent to make the city or county of the dealer's place of business the situs for the assessment of the local sales tax as well as the basis for the Commissioner to credit the accounts of the localities levying the tax.

Accordingly, we will reverse the judgment of the trial court and enter final judgment here in favor of the Commissioner.

<u>Reversed and final judgment</u>.