## CIRCUIT COURT OF FAIRFAX COUNTY

Beverly Health
and Rehabilitation
Services, Inc.,
t/a Sleepy Hollow Manor

v.

Myles Anderson et al.

March 12, 1999

Case No. (Chancery) 157176

BY JUDGE ARTHUR B. VIEREGG

This matter is before the Court on the motion of the Fairfax County Department of Family Services (hereinafter the County) to quash a subpoena *duces tecum* served upon it by the plaintiff, Beverly Health and Rehabilitation Services, Inc., t/a Sleepy Hollow Manor (hereinafter Sleepy. Hollow). The dispositive issues are twofold: (1) What Virginia statute governs the access to confidential Medicaid[1] applications and related information? (2) Does Sleepy Hollow have standing to obtain such confidential information under the applicable statute?

---

[1] Medicaid is a federal-state program approved under Title XIX of the Social Security Act. It is designed to provide medical assistance to families with dependent children, the aged, blind, or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services. See 42 U.S.C. § 1396; 42 C.F.R. § 400.200; Va. Code Ann. § 32.1-310 *et seq.* (Michie 1992).

■■■■■■■■■

*Factual Background and Statement of the Proceedings*

Sleepy Hollow is a licensed nursing home located in Fairfax County. Defendant Mr. Myles Anderson is a patient at Sleepy Hollow. Defendant Mr. Peter Anderson, his brother, manages Myles's affairs pursuant to a power of attorney. For his first four months at Sleepy Hollow, Myles's costs of care were paid by the Department of Veteran's Affairs. Peter filed an application with the County for Medicaid coverage for his brother's care at Sleepy Hollow. Sleepy Hollow alleges that as a condition of receiving Medicaid benefits, the County required Myles to use his civil service annuity retirement benefits to pay the Sleepy Hollow charges not covered by Medicaid.

Sleepy Hollow instituted this suit to establish a constructive trust over retirement funds promised but not paid to Sleepy Hollow for Myles's care. Sleepy Hollow served its bill of complaint on Peter under the long arm statute. See Va. Code Ann. § 8.01-328.1(A)(1) (Michie 1992) (providing that a court may exercise personal jurisdiction over a person transacting business in the Commonwealth). Peter, a Maryland resident, claims he is not subject to such jurisdiction in Virginia. Sleepy Hollow subpoenaed the application for Medicaid benefits filed by Peter on behalf of Myles to prove that this Court has jurisdiction over Peter.[2]

In response to Sleepy Hollow's subpoena *duces tecum*, the County filed the subject motion to quash, relying on the confidentiality provisions of Va. Code Ann. § 63.1-53 (Michie 1995 & Supp. 1998). Sleepy Hollow, however, disputes the applicability of that statute, contending instead that Va. Code Ann. § 32.1-325.3 (Michie 1992) governs when documents pertaining to Medicaid may be subpoenaed. The relevant portions of the two statutes are set forth below:

Virginia Code § 63.1-53 states in pertinent part:

All records and statistical registries of the State Department of Social Services and of the local boards and other information, which records, registries, and information *pertain to assistance and services*

---

[2] An evidentiary hearing as to the jurisdiction issue is scheduled for March 25, 1999. In preparation for that hearing, Sleepy Hollow caused a subpoena duces tecum to be served on the County seeking "[a]ny and all records relating to Myles Anderson and/or Peter Anderson within the last five years which are in the possession of the Fairfax County Department of Family Services, including but not limited to, applications for benefits, determinations, correspondence, notes, and memoranda."

*provided any individual,* shall be confidential and shall not be disclosed except to persons having a legitimate interest ... .

No record shall be made available except for purposes directly connected with the administration of the public welfare program.

*Id.* (emphasis added).

Virginia Code § 32.1-325.3 states in pertinent part:

Information in the possession or control of the Department [of Medical Assistance Services] *concerning applicants for and recipients of medical assistance services* shall not be subject to disclosure through discovery in litigation to which the Department is not a necessary party, *unless* the appropriate circuit court, *for good cause shown,* shall order such disclosure.

*Id.* (emphasis added).

### Which Statute Governs?

If read literally, § 63.1-53, relied upon by the County, encompasses all "assistance and services provided to an individual." Viewed in this way, it may be read to pertain to all Medicaid records. However, § 32.1-325.3 more specifically addresses applications for medical assistance service. Furthermore, while Title 63.1 *generally* addresses the disbursement of public funds to the needy, see, e.g., Va. Code Ann. § 63.1-51 (Michie 1995), Title § 32.1, Chapter 10, *specifically* addresses Medicaid disbursements to or on behalf of medically needy individuals for medical services, including specifically Medicaid. See, e.g., Va. Code Ann. §§ 32.1-325, 32.1-326 (Michie 1992).

Viewed in this way, it logically follows that the General Assembly intended that the confidentiality provisions of § 32.1-325.3, not the more general provisions of § 63.1-53, govern when information related to Medicaid payments may be disclosed by government agencies. Pursuant to the provisions of § 32.1-325.3, such information may only be disclosed by order of a circuit court for good cause shown. *Id.*[3] This result, moreover, is

---

[3] Parenthetically, the formula for disclosure pursuant to § 32.1-325.3 is different and narrower in that it expressly conditions disclosure on circuit court authorization, while § 63.1-53 does not require court authorization for disclosure of welfare information. On the other hand, § 32.1-325.3 more generally permits disclosure for good cause shown, while § 63.1-53 only permits administrative (non-

consistent with well-accepted rules of statutory construction. Where one statute speaks to a general subject and another to the same general subject but in a more specific manner, the latter will govern. See *Virginia Dept. of Taxation v. Blanks Oil*, 255 Va. 242, 247, 498 S.E.2d 914, 916 (1998).

### *Sleepy Hollow's Entitlement to Myles's Medicaid Application*

As § 32.1-325.3 governs Sleepy Hollow's attempt to obtain Myles's Medicaid application and related documents, this Court must determine whether or not Sleepy Hollow has demonstrated "good cause" to do so. I conclude it has.

Sleepy Hollow seeks to obtain Myles's application in connection with its suit against Peter for the alleged diversion of Myles's retirement, which it maintains had been pledged to Sleepy Hollow to furnish care for Myles. Sleepy Hollow, in essence, claims this Court has long arm statute jurisdiction over Peter on account of his purposeful activity in Virginia, as Myles's agent, in applying for Medicaid assistance. See Va. Code Ann. § 8.01-328.1(A)(1) (Michie 1992). Moreover, this subsection of the long arm statute, § 8.01-328.1(A)(1) (transacting any business in this Commonwealth) justifies Virginia's exercise of jurisdiction if a defendant has invoked the protections of the laws of Virginia. If so, the exercise of jurisdiction is consonant with Due Process principles. See *Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.*, 761 F. Supp. 423 (E.D. Va. 1991). That is precisely Sleepy Hollow's position: that Peter invoked the protections and benefits of Virginia law, as agent for Myles, in applying for Medicaid payments with regard to Myles's care in Virginia.

Therefore, because the production of Myles's Medicaid application reasonably may abet Sleepy Hollow in demonstrating jurisdiction over Peter on account of his transaction of business in Virginia, Sleepy Hollow has shown good cause for the production of the Medicaid application and related documents. Accordingly, the County's motion to quash must be overruled. It must be emphasize, however, in overruling the County's motion to quash, I am not opining that this Court has long arm jurisdiction over Peter. Indeed, the provisions of § 8.01-328.1(B) may be an obstacle to the assertion of such jurisdiction. I am ruling merely that Sleepy Hollow has shown good cause to

---

judicial) disclosure of welfare records for purposes directly related to the administration of the welfare program.

obtain the Medicaid application and related documents in order that it might seek to establish such long arm jurisdiction.